# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| J.C. HILL and ALICE HILL, individually, and on behalf of others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>MARATHON OIL COMPANY, )<br><br>Defendant. ) | <br><br><br><br><br><br>Case No. CIV-08-37-R |

## FINAL ORDER AND JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND DISMISSING ACTION WITH PREJUDICE

The Court having reviewed the Settlement Agreement and all related pleadings and filings and having also conducted a Fairness Hearing, and being fully advised in the premises, finds, orders, and adjudges as follows:

1.   This Court previously certified the below-described Class in this Lawsuit by Order issued on June 9, 2010:

> "All persons who own or owned minerals in the State of Oklahoma subject to an oil and gas lease from January 1, 2002, to the present, wherein (1) they received royalty on the sale and disposition of gas attributable to Marathon's interest in Oklahoma properties; and (2) their royalty payments were reduced as a result of the reduction of production volumes and/or production proceeds [expended] for marketing, gathering, compressing, dehydrating, treating, processing or transporting of hydrocarbons produced from the unit. Excluded from the proposed class are agencies, departments or instrumentalities of the United States of America, or the State of Oklahoma, and/or persons whom Plaintiffs' counsel are, or may be prohibited from representing pursuant to the Rules of Professional Conduct, and/or overriding royalty owners and unleased mineral owners who have elected under the OCC [Oklahoma Corporation Commission] forced pooling order to take the bonus/royalty option."

1

2. The Class Representative and Class Counsel, and Marathon Oil Company ("Marathon"), have executed a Settlement Agreement dated as of September 1, 2011, which Settlement Agreement was duly filed with the Court for preliminary approval (*see* dkt. #156).

3. The Settlement Agreement is hereby incorporated by reference in this Order and Judgment and all terms defined in the Settlement Agreement will have the same meanings in this Order and Judgment.

4. The Court, on November 4, 2011, entered its Order preliminarily approving the Settlement Agreement (dkt. #158) and scheduling a Fairness Hearing for January 6, 2012, at 9:00 .m. to, among other matters, (a) determine whether the settlement of this Lawsuit on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be finally approved by the Court; (b) determine whether a final judgment should be entered herein; and (c) consider Class Counsel's Motion for fees and costs (dkt. #159).  On December 23, 2012, the Court struck the fairness hearing and reset it to March 16, 2012.  On March 9, 2012, the Court struck the March 16, 2012 hearing date.  On May 30, 2012, the Court reset the hearing to September 27, 2012, at 9:30 a.m., and the hearing was conducted as scheduled.

5. The Court further ordered that the Notice of Settlement be given in accordance with the Plan of Notice, and hereby finds that due and proper Notice was so given in substantial conformity with the Plan of Notice.

6. Specifically, notice of this hearing and the proposed settlement, as evidenced by the proofs of mailing and publication filed with the Court and presented at

the Fairness Hearing, (a) was properly mailed by Marathon and/or the Settlement Administrator to all putative Members of the Plaintiff Class for whom Marathon had a mailing address as identified from Marathon's electronic databases that are in a reasonably usable condition, (b) was published in the newspapers provided for in the Settlement Agreement, and (c) was posted on the website established by the Settlement Administrator. The Court finds, orders, and adjudges that the Notice of Settlement and Plan of Notice were reasonable, adequate, proper and sufficient under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), the Due Process Clause of the United States Constitution and the Due Process Clause of the State of Oklahoma, and represented the most practical means of giving notice under the circumstances. That is, the Plaintiff Class was given notice as required by law and in a manner that could be understood by the average prospective Plaintiff Class member, and fairly apprised them of the proposed settlement and their options. Further, each member of the putative Plaintiff Class was afforded a reasonable opportunity to opt out or object. The Court therefore concludes it is unnecessary to afford further opportunity for the Plaintiff Class to opt out or object.

      7.     Attached hereto as Exhibit A is a list of those members of the putative class in this lawsuit who have validly opted out of this class settlement and the class. The persons listed on Exhibit A are not members of the Plaintiff Class, are not bound by any of the following provisions of this Order and Judgment, and are not entitled to receive any Distribution Checks as a result of this settlement.

8. In accordance with the Notice of Settlement, the Fairness Hearing was duly conducted before this Court on September 27, 2012.

9. All named parties were present and represented by counsel at the Fairness Hearing. Also appearing were Class Members Deann Evetts, Melanie Scott, Ann Kirk, Paul Kirk, Don and Ruth Houston and objectors, MC Mineral Company, LLC, Chesapeake Exploration, LLC, Chesapeake Royalty, LLC, and Gothic Production, LLC, collectively referred to as Chesapeake.

10. At the Fairness Hearing, the Court considered, among the other matters addressed in this Order and Judgment, (a) the fairness, reasonableness and the adequacy of the Settlement Agreement and (b) the fairness and reasonableness of Class Counsel's Motion for fees and costs (dkt. #159) under applicable law.

11. The Court fulfilled its duty to independently evaluate the fairness, reasonableness, and adequacy of the Settlement Agreement and Class Counsel's Motion by considering not only the pleadings and arguments of the Class Representative and Class Counsel, and the objections thereto, but also by rigorously and independently evaluating the Settlement Agreement and Class Counsel's Motion on behalf of the absent class members. In so doing, the Court considered any argument that could reasonably be made against approval of same, even if such argument was not actually presented to the Court by pleading or oral argument. Following this review, the Court finds that the Settlement Agreement is approved.

12. The Court specifically finds that the settlement between the Class Representative and Marathon embodied in the Settlement Agreement, and the sum to be

distributed according to the Plan of Allocation, is fair, reasonable and adequate to the Settlement Class within the meaning of Rule 23 and was entered into between the Class Representative, Class Counsel and Marathon at arm's length and in good faith after significant formal mediation attempts, and without collusion. The Settlement Agreement fairly reflects the complexity of the claims in this litigation (as evidenced by this Court certifying questions to the Oklahoma Supreme Court, *inter alia*), the duration of the litigation and extent of discovery, and the balance between the benefits of settlement which inure to the Plaintiff Class as compared to the costs and risks associated with continued prosecution of this action. *See, e.g., In Re Integra Realty Resources, Inc.*, 3545 F.3d 1246 (10th Cir. 2004) (citing *Jones v. Nuclear Pharm., Inc.,* 741 F.2d 322 (10th Cir. 1984)). The Plan of Allocation and Distribution is likewise fair, reasonable, and adequate.

13. As set forth in the Court's October 3, 2012 Findings of Fact and Conclusions of Law (dkt. #233), Class Counsel's request for attorney fees is granted in the amount of 33.3% of the cash settlement value after deduction of the class representative's fee and expenses; the Class Representative is awarded an incentive in the amount of $100,000.00, and the class is entitled to expert fees and other litigation expenses not to exceed $408,596.23.

14. In finally approving the Settlement Agreement as fair, reasonable and adequate within the meaning of Fed. R. Civ. P. 23, including, but not limited to, the fairness of the allocation among the Plaintiff Class members, the Court specifically notes that by agreeing to settle this Lawsuit, neither Marathon nor the Plaintiff Class admit any of the claims, defenses or other assertions made against them by the opposing party, and

that they specifically deny any and all liability to the opposing party. The Court therefore makes no rulings and expresses no opinions as to the merits of any claims or defenses, except to note that the Settlement Agreement is a fair compromise thereof and will result in substantial savings of time and resources to the Court and the parties, and will further the interests of justice.

15. This action and all claims asserted in this action are hereby DISMISSED WITH PREJUDICE to the refiling of same or any portion thereof. The Court retains jurisdiction to administer the settlement distribution process as contemplated in the Settlement Agreement. Notwithstanding the jurisdiction that this Court retains to administer the settlement distribution process, this Order and Judgment fully disposes of all claims and parties, and this Order and Judgment therefore is a final appealable Order and Judgment.

16. Each member of the Plaintiff Class is ordered and adjudged to have conclusively released the Released Claims against the Released Parties.

17. Distributions of the Net Settlement Amount to Plaintiff Class members shall be based on the assumptions that (a) very few sales of royalty interests have occurred during the claim and class period, which commences January 1, 2002, (b) where sales did occur, it was the intent of the parties that the buyer was entitled to receive payment for past claims, and (c) where royalty interests passed through inheritance, devise or interfamily transfers, it was the intent that the heir, or devisee or transferee also receive payment for past claims. To the extent that these assumptions are not correct in relation to particular transfers of interests, the Court orders that members of the Plaintiff

Class who receive payment shall in turn make payment to the proper party entitled to such payment.

18.   Any member of the Plaintiff Class who receives a payment pursuant to this settlement and fails to make payment to the proper party pursuant to paragraph 17, above, shall indemnify Marathon against any claim made against Marathon by the party asserting entitlement to the payment.

19.   Members of the Plaintiff Class who does not receive distributions from the Net Settlement Amount as a result of the assumptions described in paragraph 17 above shall be deemed to have released the Released Claims against all Released Parties, regardless of whether the Plaintiff Class member who did not receive a distribution from the Net Settlement Amount is entitled to some or all of the distribution made to another Plaintiff Class member and regardless of whether the Plaintiff Class member to whom the distribution was made does or does not comply with the Court's order to make payment to the proper party.

20.   Each member of the Plaintiff Class is hereby barred and permanently enjoined from prosecuting, commencing or continuing any of the Released Claims against the Released Parties, by way of claim, counterclaim, offset, or otherwise.

21.   All documents designated as confidential by any party pursuant to the Confidentiality Agreement and Protective Order in suit shall be returned to the producing party within 30 days after the date of this Order and Judgment becoming Final and Non-Appealable and/or as set forth in the Settlement Agreement.

22. This settlement between the Plaintiff Class and Class Representative and Marathon, Settlement Agreement, and the Plan for Allocation and Distribution Order, and carrying out of said Order may never be used for any purpose in any subsequent litigation against Marathon, or either of them, other than to enforce the terms of the Settlement Agreement and this Order and Judgment.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED this 3rd day of OCTOBER, 2012.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

ATTACHMENT:

Exhibit A:     List of Plaintiff Class members who opted out of class

# Exhibit A

# Hill v. Marathon Oil Company

# Names of Persons and Entities Who Provided Notice of Their Elections to Opt-Out of the Class

| |
|---|
| Anadarko E&P Company LP and RME Petroleum Company |
| Apache Corporation |
| Arnold, Claude C.; Arnold, Claude C. -Working Interest Oil and Gas Properties; Arnold, Claude C.– Non-Operated Royalty Interest Owners, Arnold, Claude C. – Cement Oil and Gas Properties, LLC. |
| Bonner, Christina Dean |
| BP America, Inc. (and any of its subsidiaries) |
| Chaparral Energy, L.L.C.; Chaparral Oil, L.L.C.; and NorAm Petroleum |
| Chevron U.S.A. Holdings, Inc. formerly known as Texaco Exploration & Production Inc.; Chevron U.S.A. Inc., doing business as Chevron U.S.A. Production Co.; Union Oil Company of California |
| Citation Oil & Gas Corp.; Citation Oil and Gas Corp., as general partner of Citation 2004 Investment Limited Partnership |
| City of Haileyville |
| Devon Energy Production Company, L.P. and its parents, subsidiaries, affiliates, predecessors and successors |
| Exco Resources, Inc. |
| Hampton, Patsy Graves |
| JMA Energy Company, L.L.C.; Tower Royalty Company, L.L.C. and Ranger Exploration Company |

|   |
|---|
| Lakey Enterprises, Inc. |
| Linn Exploration Mid Continent LLC |
| Merit Energy Company on behalf of Merit Energy Partners and all other Merit entities |
| Noble Energy, Inc. (as successor to Patina BNR Corporation and Bravo Natural Resources Inc.) |
| OXY USA Inc. |
| Pioneer Natural Resources USA, Inc. |
| QEP Energy Company f/k/a Questar Exploration and Production Company, f/k/a Universal Resources Company |
| Sheridan Production Company, LLC on behalf of itself and its affiliates (Sheridan Holding Company I, LLC; Sheridan Production Partners I-A, L.P.; Sheridan Production Partners I-M, L.P.; and Sheridan Production Partners I-B, L.P.) |
| Talburt, Patsy |
| Ward Petroleum Corporation; L. O. Ward Revocable Trust, L.O. Ward and Myra B. Ward as Trustees Guard Exploration Limited Partnership |
| XTO Energy Inc. and its subsidiaries and predecessors-in-interest (Antero Resources Corporation; Antero Resources I GP, LLC; Antero Resources I, LP; Antero Resources I LP, LLC; Antero Resources Pipeline LP; Barnett Gathering, LP; Classic Oil & Gas, Inc.; Classic Petroleum, Inc.; Cravens Oil Company; Cross Timbers Energy Services, Inc.; Cross Timbers Oil Company; Cross Timbers Oil Company, L.P.; Cross Timbers Trading Company; Dominion Reserves – Utah, Inc.; Dominion San Juan, Inc.; East Timbers Limited Partnership; Fayetteville Gathering Company; Hartshorne Gathering, LLC; Havre Pipeline Company, LLC; Hickory Timbers Limited Partnership; HHEC Acquisition Corporation; HPC Acquisition Corporation; Mega Natural Gas Company, L.L.C.; Mountain Gathering, LLC; Nesson Gathering System, LLC; North Timbers Limited Partnership; PERI Acquisitions Management #2, LLC; PERI Energy Acquisition #2, LLC; PERI LLC; PERI Texas Resources, LP; Ringwood Gathering Company; San Juan Partners, LLC; South Timbers Limited Partnership; Spring Holding Company; Spring Resources, Inc.; Thomas C. Mueller Inc.; Thomas C. Mueller of Crawford County, Inc.; Thomas C. Mueller, Limited; Timberland Gathering & Processing Company, Inc.; Trend Gathering & Treating, LP; West Timbers Limited Partnership; |

3

| |
|---|
| WTW Properties, Inc.; X Landmark LLC; XTO Barnett LLC; XTO Resources I GP, LLC; XTO Resources I LP; XTO Resources I LP, LLC) |
| Yates Petroleum Corporation |